UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| FELIPE CASTORENA,<br>Institutional ID No. 2110927,<br><br>Plaintiff,<br><br>v.<br><br>LORIE DAVIS, Director TDCJ-CID,<br>*et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:18-cv-00010-BL |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Plaintiff Felipe Castorena, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2018. (Doc. 1). The case was referred to the undersigned United States Magistrate Judge for screening pursuant to 28 U.S.C. § 1915. (Doc. 7). On April 26, 2018 Castorena testified at a evidentiary hearing consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and consented to the jurisdiction of the Magistrate Judge. (Docs. 23; 24). The court then dismissed most of the issues in the complaint as frivolous under § 1915, leaving only a claim of deliberate indifference to serious medical need against Lorie Davis in her official capacity as director of TDCJ. (Doc. 25). Director Davis now moves to dismiss this remaining claim on the grounds that the court lacks subject-matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. (Doc. 31). Castorena has responded to this motion. (Doc. 34). As the record does not reflect the unanimous consent of the parties, the undersigned offers this report and recommendation.

### I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12 provides for defenses to claims for relief in pleadings, including defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b).

Rule 12(b)(1) permits a challenge where a defendant believes the court lacks subject-matter jurisdiction over one or more claims made in a complaint. The burden of establishing subject-matter

jurisdiction rests on the plaintiff, and a court is required to consider issues of subject-matter jurisdiction before considering the merits of the complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 104 (1998). Sovereign immunity implicates the court's subject-matter jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

"To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted). Although a court must accept as true all factual allegations in the complaint when considering a 12(b)(6) motion, legal conclusions must be supported by factual allegations. *See Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). The court should "not strain to find inferences favorable to the plaintiffs and … not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal citations and quotation marks omitted).

## II. DISCUSSION

Davis first contends that, as Castorena seeks money damages, the Eleventh Amendment prohibits the claims and the court lacks subject-matter jurisdiction under Rule 12(b)(1). This is true to the extent that Castorena requests monetary relief. Because Castorena also requests injunctive relief in the form of requesting treatment and rehabilitation, this is not a total bar to the claim.

However, Davis also contends that the remaining claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, on the grounds that vicarious liability is unavailable under § 1983. So, "the ... Director is only liable under § 1983 if she affirmatively participates in the acts that cause the constitutional deprivation, or she implements unconstitutional policies that causally result in the constitutional injury." *Valentine v. Jones*, 566 Fed. Appx. 291, 294 (5th Cir. 2014) (brackets and numbering omitted). Although Castorena replied to the motion to dismiss, he fails to show either affirmative participation or implementation of unconstitutional policies in his initial complaint, at the *Spears* hearing, or in any filing made to this court. He returns to claims already dismissed by this court placing the blame at the feet of others, contending only that the actions of subordinates or outside actors were the real source of the alleged violations. Therefore, despite multiple attempts to allow him to best plead his case, he has failed to state a claim upon which relief may be granted.

### III. CONCLUSION

Because Castorena has failed to state a claim upon which relief may be granted, Davis' motion to dismiss the remaining claim (Doc. 31) should be **GRANTED** and the claim **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated September 27, 2018.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**